**Jeanette HAUG, Plaintiff,**

v.

**Caspar WEINBERGER, Secretary of
Health, Education and Welfare,
Defendant.**

**No. 74 C 70 WD.**

United States District Court,
N. D. Illinois, W. D.

Nov. 11, 1975.

Louis R. Gilbert, Rockford, Ill., for plaintiff.

Samuel K. Skinner, U. S. Atty., Chicago, Ill., for defendant.

## MEMORANDUM DECISION

MARSHALL, District Judge.

This is an action to review a final decision of the Secretary of Health, Education and Welfare. 42 U.S.C. § 405(g). Defendant has moved for summary judgment upon the ground that his decision is supported by substantial evidence.

The only issue in the case is whether plaintiff's disability (the parties agree that the plaintiff is now permanently disabled) had its onset on or prior to March 31, 1968, the last date that the plaintiff met the special earnings requirement of the Social Security Act.

Plaintiff alleges that her current disability had it onset beginning in December 1966 as a result of an automobile accident. She was treated for her injuries and released after a stay in the hospital. Since that time she has been in and out of the hospital for various reasons. Some of her complaints, especially those relating to chest pains may be related to the accident. The majority of her complaints, however, had their onset subsequent to March 31, 1968. Specifically, plaintiff's most severe problem is a result of depression, which is, no doubt, disabling. She attempts to trace this depression back to the automobile accident but the record supports the conclusion of the Secretary that the depression was the result of family difficulties that arose in 1972. The doctors' and psychiatrist's reports for the periods in question show no link between the accident and the severe depression she went into in 1972. (One doctor filed a report for purposes of this litigation and suggests that there is a link. He treated plaintiff after the accident and subsequent thereto for a number of her problems. Importantly, however, he did not prescribe any treatment for plaintiff's emotional problems that he suggests began after the accident. Moreover, the first treatment ever prescribed began over 4 years after the expiration of her insured status and was the result of emotional problems she was having with her family.)

Assuming that the automobile accident did leave plaintiff with some physical problems as distinguished from emotional difficulties, the Secretary's denial of benefits is still supported by substantial evidence. First, some of her physical problems are not related to the accident. Rather, they stem from problems unrelated to the accident, such as obesity and hypertension. Second, even assuming she had disabling injuries from the accident, plaintiff made no showing that the injuries were so severe that she was unable to work. Plaintiff must establish not only that she suffers from some physical or mental impairment but that the impairment renders her unable to engage in any substantial employment. Plaintiff did not offer any evidence that she was unable to work as a result of the physical problems attributable to the accident.

The decision of the Secretary must be affirmed because, on the record as a whole, it is supported by substantial evidence.

Defendant's motion for summary judgment is granted. Judgment is entered dismissing plaintiff's action.